# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY HUNTER,

    Plaintiff,

v.                                                                           Case No. 22-CV-990

AFGROUP EMERGING MARKETS,
doing business as United Heartland,

    Defendant.

## DECISION AND ORDER

### 1. Facts and Procedural History

The court presumes the following facts, which are taken from the amended complaint, to be true at this stage of the proceedings. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

Timothy Hunter was employed by AFGroup Emerging Markets, which does business as United Heartland. Hunter "is a practicing Christian Minister with credentials from the Universal Life Church Monastery." (ECF No. 6, ¶ 36.) He "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." (ECF No. 6, ¶ 37.) On approximately September 20, 2021, he submitted

to United Heartland a document he titled, "Demand for Religious Exemption from COVID-19 Vaccination." (ECF No. 6, ¶¶ 1, 40.) In this letter he stated, in part:

> Based on my understanding of Title VII, the First Amendment to the United States Constitution, and other federal and state laws, I choose to exercise my right to demand a religious exemption to the requirement that I be vaccinated using the Covid-19 shots. This demand for an exemption is based on my deeply held religious beliefs pursuant to my reliance on teaching the Holy Bible. The Bible says, "Therefore to him that knoweth to do good, and doeth it not, to him it is sin" (James 4:17 KIV). My personal convictions are inspired by my study and understanding of the Bible, and personally directed by the true and living God. I am personally convicted that I should not receive any of the three Covid-19 shots … My religious beliefs are sincere … My beliefs are my own, and they are sincerely and deeply held.

(ECF No. 6, ¶ 41.)

United Heartland had not yet announced, much less implemented, any vaccination policy for its employees. (ECF No. 6, ¶ 40.) Hunter submitted his request for exemption because he feared that United Heartland would soon require employees to be vaccinated. (ECF No. 6, ¶ 39.)

It was not until November 1, 2021, that United Heartland adopted a vaccination policy, requiring all employees and contractors, including those working remotely, to be vaccinated by December 8, 2021. (ECF No. 6, ¶¶ 11-12.) The policy gave employees until November 11, 2021, to request a religious or medical exemption from the vaccination requirement and stated that it would resolve those requests by November 24, 2021. (ECF No. 6, ¶¶ 14-15.) Employees whose requests for exemption were denied and who did not get vaccinated would be placed on unpaid leave as of December 9, 2021, and,

2

should they remain unvaccinated, their employment would be terminated on January 5, 2022. (ECF No. 6, ¶¶ 16-18.)

On November 24, 2021, United Heartland denied Hunter's request for an exemption, stating in part:

> The Company determined that the information you provided, both verbally and in writing, does not meet the criteria for a sincerely held religious belief, practice, or observance and is, therefore, not protected by Title VII of the Civil Rights Act. This is the Company's final determination on this issue.

(ECF No. 6, ¶ 44.) United Heartland refused to offer Hunter an accommodation for his religious belief. (ECF No. 6, ¶ 77.) It placed Hunter on unpaid leave on December 9, 2021, and it terminated his employment on January 5, 2022. (ECF No. 6, ¶¶ 48-49.)

Hunter alleges that United Heartland violated Title VII of the Civil Rights Act of 1964 by failing to accommodate his religious beliefs (ECF No. 6, ¶¶ 85-86) and by retaliating against him for requesting a religious accommodation (ECF No. 6, ¶ 95).

United Heartland has moved to dismiss Hunter's retaliation claim. (ECF No. 7.) In accordance with 28 U.S.C. § 636(c), all parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 9.) The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. **Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must "state a claim to relief that is plausible on its face." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56.

3. Analysis

It is unlawful for any employer to discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3. Hunter argues that his request for a religious accommodation, by itself, was protected activity under 42 U.S.C. § 2000e-3. (ECF No. 10 at 15.)

However, his request for a religious exemption was not in opposition to an unlawful employment practice. United Heartland had not yet announced a vaccination policy at the time he made his request. Thus, there was nothing for Hunter to oppose. When it did eventually adopt a vaccination policy, it allowed for religious exemptions. This was not an instance of a demand for a religious exemption simultaneously constituting opposition to a policy that did not permit such exemptions. Hunter merely exercised the right that United Heartland acknowledged he had and requested that he be exempted from the vaccination policy given his religious beliefs.

Hunter seems to interpret Title VII's anti-retaliation provision as akin to the anti-interference provisions included in other federal employment statutes, such as the Family and Medical Leave Act, *see* 29 U.S.C. § 2615(a)(1), or the Americans with Disabilities Act, *see* 42 U.S.C. § 12203(b). In those contexts, asserting a right protected under the statute, such as medical leave or an accommodation for a disability is, by itself, protected activity. However, retaliation is distinct from interference. *See, e.g.*, EEOC, *Questions and Answers: Enforcement Guidance on Retaliation and Related Issues*, available at https://www.eeoc.gov/laws/guidance/questions-and-answers-enforcement-guidance-retaliation-and-related-issues. Title VII proscribes only retaliation and not interference. Therefore, it is not always appropriate to draw analogies between protected activity under statutes that proscribe interference and protected activity under Title VII. *Cf. Jenkins v. N.Y.C. Transit Auth.*, 646 F. Supp. 2d 464, 473 (S.D.N.Y. 2009) (holding "a claim for retaliation [under Title VII] can be based upon a request for reasonable accommodation" and citing in support *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 149 (2d Cir. 2002), which held that "request for reasonable accommodation of disability constitutes protected activity").

Simply requesting a religious accommodation, unaccompanied by anything that can be plausibly interpreted as opposition to an unlawful employment practice, is not activity protected under Title VII. *See, e.g., Stanley v. ExpressJet Airlines, Inc.*, 808 F. App'x 351, 358 (6th Cir. 2020) ("A request for an accommodation does not constitute protected

activity under Title VII, which clearly delineates two options: opposition to discriminatory practice or participation in an investigation. 42 U.S.C. § 2000e-3(a)."); *Payne v. Salazar*, 899 F. Supp. 2d 42, 52 (D.D.C. 2012). Therefore, Hunter's retaliation claim fails and must be dismissed.

Hunter's retaliation claim fails for a second, independent reason—lack of causation. The only adverse employment actions that Hunter allegedly suffered were his suspension and eventual termination. To sustain a claim for retaliation it must be plausible that, but for his request for a religious exemption, Hunter would not have been suspended and terminated. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) ("The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

But Hunter is very clear in his amended complaint that the reason for his suspension and termination was his refusal to get vaccinated after United Heartland denied his religious exemption. He does not allege that, had he never requested a religious exemption but still refused to get vaccinated he would have remained employed. Nor does Hunter allege that, had he gotten vaccinated, he still would have been suspended and terminated because he had requested a religious exemption. Nor does he allege that, but for his preemptive request for a religious exemption, United Heartland would never have adopted the vaccination policy that led to his termination.

To the contrary, Hunter is explicit that he made his request for an exemption because he believed United Healthcare would imminently adopt a vaccination policy.

A retaliation claim could not be pled even as an alternative to his discrimination claim because the allegations in the amended complaint do not support any scenario where the discrimination claim could fail but the retaliation claim succeed. If his discrimination claim fails, then his suspension and termination were lawful. In that scenario, Hunter's request for a religious exemption could not have been the but-for cause of his suspension and termination because they would have happened all the same given his refusal to get vaccinated.

Because there is no evidence that Hunter's request for an accommodation was the but-for cause of the adverse employment actions Hunter identifies, his retaliation claim must be dismissed.

**IT IS THEREFORE ORDERED** that AFGroup Emerging Market's first motion to dismiss (ECF No. 5) is **dismissed as moot** in light of the plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that AFGroup Emerging Market's second motion to dismiss count two from the amended complaint (ECF No. 7) is **granted**.

Dated at Milwaukee, Wisconsin this 24th day of January, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge